O’Neall, J.,
delivered the opinion of the Court.
The general rule is, that money cannot be recovered back which would be a defence to a former action. Marriott vs. Hampton, 7 T. R. 265; 2 Es. Rep. 546; Brown vs. McKinally, 1 Es. Rep. 279. This case does not come within it. For here the proof is, that Anderson sold to the defendant a set of blacksmith’s tools for a certain sum, which was to be credited on the judgment on which the sci. fa. was brought. This the plaintiff (the present defendant) did not do — and therefore Anderson had the right to consider it a cross demand against the defendant. Indeed, in strictness, it could not have been pleaded. The Act of the Legislature, 2 Brev. Dig. 117, sec. 8, provides “ where any action of debt shall be brought on any judgment, if the defendant hath paid the money due upon such bill or judgment, such payment shall and may be pleaded in bar.” To plead payment under this Act, it ought to be general and not partial. To a scire facias, partial payment would be no plea. “ A plea o’f payment to an action on a record, is not good at common law; by 4 Anne, ch. 16, s. 12. payment may be pleaded to an action on a judgment, if the whole judgment be satisfied.” 2 Saund. Plead. and Ev., tit. Payment, 713. The same construction must be given to our Act. They might be set off: for as against the judgment when not credited they are merely demands on the part of the person paying, for so much money had and received to his use; which, under the rule governing the action of as-sumpsit for money had and received — that if a man receive money, which ought to be paid to another, or to be applied to a particular purpose, but to which he does not apply it— may be recovered. Com. on Con. 4.
The motion is granted.